## ASHER, Plaintiff-Appellant, v. MACKLIN, Defendant-Appellee.

Ohio Appeals, Second District, Montgomery County.

No. 1832.   Decided May 31, 1945.

NICHOLS, J., of the Seventh Appellate District sitting by designation.

Hon. Byron B. Harlan, Dayton, for plaintiff-appellant.

Walter J. Heddesheimer, Chief, Litigation Section, Cleveland.

Thomas L. Colan, District Enforcement Atty., Cincinnati.

Thomas M. Logan, Chief, Rents and Services Enforcement Atty., Office of Price Administration, Cincinnati, for Office of Price Administration.

Myers, Mills & Kelly, Dayton, for defendant-appellee.

### OPINION

By THE COURT:

We adhere to our former judgment of affirmance on this appeal.

GEIGER, J., and NICHOLS, J., concur.
HORNBECK, PJ., dissents.

HORNBECK, P. J., dissenting:

Upon consideration of the application for rehearing, I am of opinion that we erred in affirming the judgment of the trial court. The question is whether the maximum rent which the landlord charged for the property under consideration is fixed by the applicable statutes and regulations of the Emergency Price Control Act or does it require some formal action by the administrator to determine the maximum amount of rent collectible.

In my judgment the rent in this case is fixed by Section 4 (c) of the Emergency Rent Regulations for Housing as follows:

"Sec. 4. Maximum rents. Maximum rents (unless and until changed by the Administrator as provided in section 5) shall be: (a) * * *; (b) * * *; (c) First rent after the maximum rent date but before effective date. For housing accommodations not rented on the maximum rent date nor during the two months ending on that date, but rented prior to the effective date of regulation, the first rent for such accomodations after the maximum rent date. * * *."

The effective date of the regulation in the Dayton rent area was July 1, 1942. The maximum rent date for that area was Apr. 1, 1941. The first day that the premises were rented was April 7, 1941 which was after the maximum rent date but before the effective date in the rent area. The rent then, being fixed by the section quoted, was effective, under the regulation, "unless and until changed by the Administrator, as provided in Section 5".

It is urged that the premises under consideration was farm property. It consisted of fourteen acres of land with a house and farm buildings located in Montgomery County outside of Dayton and could have been used for farming operations but the stipulation is clear that it was not so used for any substantial part of the time by the tenants in farming operations. The trial judge did not find otherwise. The pertinent provision of the Rent Regulation defining "Farming tenants" will not include the tenants in this case. Section 1 (b) (1), of the regulations provides:

"This regulation does not apply to the following: (1) Farming tenants. Housing accommodations situated on a farm and occupied by a tenant who is engaged for a substantial portion of his time in farming operations thereon."

It is further claimed, which the stipulation supports, that between April and June, 1943, certain repairs were made on the dwelling on the premises which supports and justifies the additional rental which eventually was fixed by the landlord at $30.00 per month, as of date June 19, 1943.

In December, 1943, the owner registered the rental unit with the area rent director for the Dayton defense area as having been rented for the first time on June 19, 1943, and that the maximum legal rent was $30.00. This was true, insofar as it related to the first rental by the then owner, the defendant having acquired the land in April, 1943, but it was not the rental for the first time as contemplated by the Emergency Price Control Act.

The trial judge was of opinion that inasmuch as the registration was made with the administrator of the rent control area purporting to show the applicable maximum legal rent and he having thereafter made no order respecting this registration, the court was without authority to intervene and fix the maximum legal rent properly chargeable for the premises in question. This conclusion is sound if the rent director of the area was called upon to act before the maximum legal rent could be fixed as applicable to the premises. As we have heretofore stated, it is our judgment that the applicable maximum legal rental was fixed by the Act and the regulation, under the facts in this case, and would not require any formal action by the administrator.

It is true that the landlord could have invoked the provisions of Section 5-a of the Rent Regulation and made application for the right to charge increased rental for the premises because of improvements made thereon, if major improvements, but the landlord did not avail himself of this opportunity and no application was presented to the rent administrator. Nor do the provisions of Section 5-d of the Regulation have application because there were no facts in dispute, in doubt or not known, in the sense that they could not have been learned by the landlord respecting the rent which had been charged for the premises from the first material date, namely, April 7, 1941.

The trial judge relied upon the case of Berndt v Shaw, 1 O. P. A. Op. and Dec. 1731, which supported his conclusion. He considered another case, Duvall v Mitchell, 1 O. P. A. Op. and Dec 1873, decided later than Berndt v Shaw by a court of superior jurisdiction to the court which decided the former case.

Under the undisputed facts in this case the rent for the premises in question was fixed as a matter of law and the judgment should have been entered accordingly.

No. 1832. Decided February 10, 1945.

Marshall, Harlan & Marshall, Dayton, for plaintiff-appellant.

Myers, Mills & Kelly, Dayton, for defendant-appellee.

BY THE COURT:

Judgment affirmed on the opinion of Judge Cecil in the Common Pleas Court which we adopt.

HORNBECK, GEIGER and NICHOLS, JJ., concur.